**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN : 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*
*Tanisha Tutson*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHA TUTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPRO SOLAR, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, (TCPA) 47 U.S.C. §§ 227, *ET SEQ*.**<br><br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//

- 1 -
CLASS ACTION COMPLAINT

# INTRODUCTION

1. Plaintiff, Tanisha Tutson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this nationwide Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Sunpro Solar, Inc. ("Defendant") in negligently and/or willfully contacting Plaintiff on her telephone, in violation of the Telephone Consumer Protection Act, (TCPA) 47 U.S.C. §§ 227, *et seq.*, and related regulations, including the National Do Not Call provision of 47 C.F.R. § 64.1200(c), thereby invading Plaintiff's and similarly situated individuals' privacy.

2. In 1991 Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

4. Although a caller may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

5. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

6. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and

CLASS ACTION COMPLAINT

belief, including investigation conducted by their attorneys.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

10. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring (a) Defendant to cease all unsolicited artificial and prerecorded voice phone calls and (b) Defendant to cease all unsolicited voice phone calls to numbers on the National Do-Not Call Registry, as well as an award of statutory damages to the members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law. 47 U.S.C. § 227(c); and supplemental jurisdiction over all other claims that are related to claims in the action pursuant to 28 U.S.C. § 1367.

12. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff allege a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seek up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call-in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court

CLASS ACTION COMPLAINT

jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of CAFA diversity jurisdiction and CAFA jurisdiction are present.

13. Because Defendant conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

    (a) Defendant is, and was, authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district;

    (b) Defendant is located in this district;

    (b) Defendant does substantial business within this district;

    (d) the harm to Plaintiff originated from within this judicial district.

## PARTIES

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

16. Defendant Sunpro, and at all times mentioned herein was, a stock corporation whose principal place of business and/or headquarters is located in Murrieta, California. Defendant Sunpro, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39). At all times relevant herein, Defendant Sunpro conducted business in the State of California and within this judicial district.

## The Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. §§ 227, et seq.

17. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

- 4 -
CLASS ACTION COMPLAINT

18. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

19. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

21. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

22. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. §

64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015).

23. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

24. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

25. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

26. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

27. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017

U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (*quoting Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

28. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) *et seq.*, affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

29. Since 2003, persons who register cell phone numbers on the National Do Not Call Registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the National Do Not Call Registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

30. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

31. Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

**FACTUAL ALLEGATIONS**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. In Defendant's overzealous attempt to market its services and grow significantly, Defendant knowingly and willfully made (and continue to make) unsolicited telemarketing phone calls, including calls utilizing an artificial or

prerecorded voice, without the prior express written consent of the call recipients.

34. Through this conduct, Defendant has invaded the personal privacy of Plaintiff and other similarly situated consumers.

35. Plaintiff's cellular telephone number ending in 5840 has been registered with the National Do Not Call Registry since April 6, 2021.

36. Despite being on the National Do Not Call Registry, Defendant made several unsolicited telemarketing calls to Plaintiff on her cellular telephone from Defendant's telephone number 832-339-2733 and 832-947-5671.

37. Plaintiff's cellular telephone number is used for personal and residential purposes.

38. Plaintiff did not provide Defendant with her cellular telephone number at any point in time, nor did she give permission for Defendant to call her.

39. Plaintiff did not give Defendant prior express invitation or express written consent for Defendant to make calls to Plaintiff's cellular telephone number utilizing an artificial or prerecorded voice pursuant to 47 U.S.C. § 227 (b)(1)(A).

40. Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

41. Plaintiff did not have a personal relationship with Defendant at any point in time.

42. Plaintiff did not give Defendant prior express invitation or express written consent for Defendant to call Plaintiff's cellular telephone numbers for marketing or solicitation purposes.

43. Defendant made unsolicited telemarketing calls to Plaintiff's cellular telephone from 832-339-2733 and 832-947-5671.

44. On or about May 10, 2021, Defendant made an unsolicited telemarketing call to Plaintiff's cellular telephone from 832-339-2733 utilizing an artificial and/or prerecorded voice.

45. It was evident to Plaintiff that the voice message she heard was

- 8 -

CLASS ACTION COMPLAINT

prerecorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence, and inflection of the voice message, which sounded to Plaintiff's ears like a prerecorded message, rather than a personal voice message that was placed personally for her by a live person.

46. Based on Plaintiff's own personal experience, the above-described call and/or voice message received from Defendant clearly sounded like a prerecorded voice message.

47. Defendant placed at minimum two unsolicited calls to Plaintiff to her Cell Phone, which was registered with the National Do-Not Call Registry, for at least 31 days prior to these unsolicited calls, in violation of the TCPA, including 47 C.F.R. § 64.1200(c).

48. The above-described calls by Defendant to Plaintiff constitute telephone solicitations pursuant to 47 U.S.C. § 227(b)(1)(a), including 47 C.F.R. § 64.1200(a)(2), as they were an attempt to promote or sell Defendant's solar energy specialist services.

49. Defendant unsolicited telephone calls to Plaintiff constituted telemarketing and had a commercial purpose.

50. Upon information and belief, Defendant did not make such telephone solicitations in error.

51. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(b)(1)(a), including 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

52. Upon information and belief, Defendant made the same or substantially similar above-described telephone solicitations *en masse* to thousands of consumers nationwide.

53. Because Plaintiff was alerted when a call was made to Plaintiff's cellular

CLASS ACTION COMPLAINT

telephone, the unsolicited telephone solicitations that Defendant transmitted to Plaintiff's cellular device invaded Plaintiff's privacy, caused aggravation, annoyance, intrusion upon on seclusion, and were a distraction and nuisance to Plaintiff.

54. Plaintiff was personally affected and damaged by Defendant's aforementioned conduct because Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically protected by the TCPA. Plaintiff felt harassed, was frustrated, and distressed that Defendant annoyed Plaintiff with unwanted telephonic solicitations without Plaintiff's prior express written consent.

55. Defendant's telephonic communications forced Plaintiff and Class members to be deprived of the privacy and utility of their cellular telephones by forcing Plaintiff and Class members to ignore or reject calls, silence their cellular telephones, and/or block incoming numbers, took up memory on Plaintiff's cellular phone, and/or interrupted their desired use of their cellular telephones, as a result of Defendant's repeated calls in violation of the TCPA.

56. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant made such calls to consumers without their consent and/or with prerecorded voices, and made calls to telephone numbers on the National Do-Not-Call Registry, Defendant failed to respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff's and similarly situated individuals' privacy and violates the spirit and intent behind the TCPA.

57. Through the above conduct, Defendant violated 47 U.S.C. §§ 227, *et seq*. and 47 C.F.R. § 64.1200, thereby invading Plaintiff's and similarly situated individuals' privacy and violating their legally protected rights.

## STANDING

58. Plaintiff has standing under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) valid injuries in fact; (b) which

- 10 -
CLASS ACTION COMPLAINT

are traceable to the conduct of Defendant; and (c) are likely to be redressed by a favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### *Injury In Fact*

59. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo. Spokeo*, 136 S.Ct. at 1547.

60. For an injury to be "concrete" it must be "*de facto*", meaning that it actually exists. *Eichenberger v. ESPN, Inc*, 876 F.3d 979, 982 (9th Cir. 2017). Here, Plaintiff has suffered a concrete injury as Defendant made numerous unauthorized solicitation calls to Plaintiff's cellular telephone numbers using an artificial and/or prerecorded voice, without Plaintiff's prior express consent. Further, Defendant placed calls to Plaintiff while Plaintiff's cellular telephone number was registered with the National Do-Not-Call registry. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All these injuries are *de facto* and concrete.

61. For an injury to be "particularized" means that the injury must "affect the [p]laintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543. In this case, Defendant invaded Plaintiff's privacy by making numerous unauthorized calls utilizing an artificial and/or prerecorded voice to Plaintiff's cellular telephone without Plaintiff's prior express consent, as well as Defendant placing calls to Plaintiff while Plaintiff's cellular telephone number was registered with the National Do-Not-Call registry. Furthermore, Plaintiff was disturbed, distracted, felt harassed and aggravated, by having to take time, reject or silence calls and dismiss alerts for unwanted calls from Defendant. All of these injuries are particularized and specific to Plaintiff.

### *Traceable to Defendant's Conduct*

62. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of

Defendant.

63. The above calls are directly and explicitly linked to Defendant. The calls each indicated they were from Defendant and had common phrases, repeated the same words and telephone numbers which are found on Defendant's and its agents' websites. The above-described calls from Defendant are the source of Plaintiff's injuries caused by Defendant. Therefore, Plaintiff has illustrated facts above that show that Plaintiff's injuries are traceable to the conduct of Defendant.

*Redressability*

64. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

65. In the present case, Plaintiff's Prayer for Relief below includes a request for damages for each call made by Defendant, as authorized by statute for Defendant's violations of 47 U.S.C. §§ 227, et seq., and 47 C.F.R. § 64.1200. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

66. Because on the foregoing, Plaintiff have Article III standing to sue Defendant on the claims stated herein.

## CLASS ACTION ALLEGATIONS

67. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves individually and on behalf of the Class defined as follows:

**Prerecorded Voice Class**

All persons within the United States (1) whom received any telephone call/s from Defendant, its employees and/or agents, (2) for the purpose promoting Defendant's goods or services, (3) to said person's cellular telephone (4) made through the use of an artificial or prerecorded voice and (5) without prior express consent in writing from said person to receive such calls (6) within the four years prior to the filing of this action.

**Do-Not Call Registry Class:**

> All persons within the United States (1) registered on the National Do-Not-Call Registry for at least 31 days, (2) who received more than one telephone solicitation call (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

68. Defendant and its employees or agents are excluded from the Class.

69. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

70. Plaintiff does not know the number of members in each of the Class, but upon information and belief, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

71. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the members of the Class via their telephones, for solicitation purposes, and/or utilizing an artificial or prerecorded voice, without prior express consent, thereby invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

72. Further, Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

73. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

74. Plaintiff reserves the right to expand the definition of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

75. The joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

76. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed marketing calls to cellular telephone numbers;

    b. Whether Defendant made phone calls to consumers using an artificial or pre-recorded voice to any telephone number assigned to a cellular phone service;

    c. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

    d. Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

    e. Whether Defendant's conduct violated the TCPA;

    f. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

g. Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct; and

h. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

77. As a person who received telephone solicitation from Defendant, who did not have an established business relationship or personal relationship with Defendant, who did not provide Defendant prior express invitation or permission to receive telephone solicitations, and who did not provide Defendant prior express consent to receive telephone calls utilizing an artificial or prerecorded voice, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff have no known interests antagonistic to any member of the Class.

78. Plaintiff and the members of the Class have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

79. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

80. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions, including claims involving violations of the Telephone Consumer Protection

- 15 -
CLASS ACTION COMPLAINT

Act.

81. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

82. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

83. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

84. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

85. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

86. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

87. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

88. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

CLASS ACTION COMPLAINT

89. Defendant have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, *ET SEQ.*

90. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

92. Defendant and/or their agents placed at several unauthorized calls to Plaintiff's cellular telephones using an artificial and/or prerecorded voice without Plaintiff's prior express consent.

93. As a result of Defendant's negligent violations of the TCPA, Plaintiff are entitled to, and seek, an award of $500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) from Defendant.

94. As a result of Defendant's violations of the TCPA, Plaintiff are entitled to and seek injunctive relief prohibiting such conduct by Defendant violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

95. Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Class.

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### REGARDING THE NATIONAL DO-NOT CALL REGISTRY
### 47 C.F.R. § 64.1200(C)

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

CLASS ACTION COMPLAINT

97. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

98. Defendant made unsolicited and unauthorized phone calls to the cellular telephones of Plaintiff and the Class members, cellular telephones which were registered with the National Do-Not Call Registry, for the purpose of marketing products and/or services to Plaintiff and the Class.

99. Defendant knew that it did not have prior express written consent to make these calls and knew or should have known that it was calling cellular numbers on the National Do-Not Call Registry in violation of the TCPA.

100. Defendant willfully or knowingly allowed telemarketing calls to be placed to Plaintiff's and the Class Members' cellular telephone numbers on the National Do-Not Call Registry. For instance, Defendant could have determined from a review of its own business records and the National Do-Not Call Registry that it could not contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls.

101. Because Defendant knew or should have known that Plaintiff's and the Class Members' cellular telephone numbers were on the National Do-Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

102. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) or in the alternative an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

103. Plaintiff and the Class are also entitled to and seek injunctive relief, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting such conduct in the future.

104. Plaintiff also seeks an award of attorneys' fees and costs on behalf of

Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- An order certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as Class Counsel.
- Injunctive relief prohibiting Defendant from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
- Statutory damages of $500.00 for Plaintiff and each member the Class for each and every one of Defendant's violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for Plaintiff and each member the Class for each and every one of Defendant's willful or knowing violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(C);
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;
- Pre-judgment and post-judgment interest on monetary relief; and
- All other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

105. Plaintiff is entitled to, and demand, a trial by jury on all issues so triable.

Dated: April 29, 2024

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Gustavo Ponce
ABBAS KAZEROUNIAN, ESQ.
DAVID J. MCGLOTHLIN, ESQ.
MONA AMINI, ESQ.
GUSTAVO PONCE, ESQ.
*Attorneys for Plaintiff*